IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 DEC 11 PM 2: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CERTEX OF ALABAMA, INC., an unincorporated division of BRIDON-AMERICA CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | CV 01-J-3166-S |
| vs. | ) ) | |
| SOUTHERN WIRE CORPORATION, KOS AMERICA, INC., KOS TECH LTD., | ) ) ) ) | |
| Defendants. | ) | |

ENTERED
DEC 11 2002

**MEMORANDUM OPINION**

Currently, pending before the court is defendant KOS Tech's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction (doc. 61), defendant's brief in support of its motion, plaintiff's brief in opposition to the motion (doc. 91), plaintiff's evidentiary submission in opposition (doc. 92) and defendant's reply brief. The court has reviewed the motion and the parties other submissions.

**I. Analysis**

In order to ascertain whether personal jurisdiction exists in this case, the court

1

97

must evaluate the circumstances in light of Alabama's long-arm statute and federal due process requirements. However, as Alabama's long-arm statute allows a court to exercise jurisdiction over a non-resident to the extent constitutionally permissible, it is only necessary to examine the circumstances in light of the due process clause. *See, e.g., Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000)

This court must analyze two factors when determining whether the exercise of personal jurisdiction comports with the due process clause: (1) whether the non-resident defendant has sufficient "minimum contacts" with the forum state; and (2) whether the exercise of jurisdiction over a non-resident defendant would offend "traditional notions of fair play and substantial justice." *Cronin v. Washington National Ins. Co.*, 980 F.2d 663, 670 (11th Cir. 1993).

Based on the evidence submitted in this case, it is this court's conclusion that it lacks personal jurisdiction over KOS Tech because the defendant lacks "minimum contacts" with Alabama. In making a determination of whether there are sufficient "minimum contacts," three criteria must be examined. *Vermeulen v. Reanult, U.,S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). "First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum...,thus invoking the benefits and protections of its laws. Third,

the defendant's contacts with the forum must be 'such that [the defendant] should reasonably anticipate being haled into court there.'" *Id.* (internal citations omitted).

Plaintiff has simply failed to demonstrate that KOS Tech purposefully availed itself of Alabama's protections and could have anticipated being haled into court in this forum. In *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987), the Supreme Court, in a divided plurality opinion, indicated that a defendant could conceivably be subject to specific personal jurisdiction in a forum under a "stream of commerce" analysis. Justice O'Connor writing for the plurality found that where a defendant places a product in the "stream of commerce" and has acted with the particular intention of serving the forum at issue, that defendant has sufficient minimum contacts to satisfy due process. *Id.* at 112. However, two concurrences by Brennan and Stevens set forth less stringent requirements for finding the presence of minimum contacts in a "stream of commerce" analysis. *Id.* at 117, 122. The Eleventh Circuit has thus far explicitly declined to conclude which of the competing theories should be followed. *See, e.g., Vermeulen v. Renault U.S.A., Inc.*, 985 F.2d 1534, 1548 n. 17 (11th Cir. 1993).

The evidence before the court fails to show that defendant purposefully availed itself of this forum's protections under any of the tests set forth in *Asahi*. No evidence has been presented demonstrating defendant's intention of serving the forum at issue beyond the fact that KOS Tech placed its wire or cable in the "stream of commerce." If KOS Tech had made direct shipments of wire or cable to Alabama, that would suffice

3

under O'Connor's test for the additional element demonstrating a particular intention to serve the forum. *CSX Transportation, Inc. v. Preussag International Steel Corp.*, 201 F.Supp.2d 1228 (M.D. Ala. 2002). However, the shipments cited by plaintiff as evidencing such direct shipments are not in fact direct shipments from KOS Tech in Korea to Alabama. Plaintiff's Exh. 1 at ¶¶ 5-15. Instead these demonstrate that KOS Tech shipped its goods to another company in Korea who subsequently shipped the goods to Alabama. *Id.* While plaintiff has set forth a variety of contacts between KOS Tech and the United States, and KOS America and Alabama, Plaintiff has produced no evidence of any other contacts between KOS Tech and Alabama.

  Additionally, KOS Tech's indirect contacts with Alabama via a "stream of commerce" fail to reach a volume or value so as to satisfy Justice Stevens theory that a defendant could purposefully avail itself of a forum via that method. As such, there is insufficient evidence that KOS Tech purposefully availed itself of this forum state or could have reasonably anticipated being haled into court here. As KOS Tech lacks sufficient minimum contacts with this forum, it is unnecessary to determine if exercising personal jurisdiction over KOS Tech would offend "traditional notions of fair play and justice."

  As this court lacks specific personal jurisdiction over KOS Tech, KOS Tech's motion to dismiss is granted.

  Since this court has found that it lacks personal jurisdiction over KOS Tech, the

issue of whether service of process was properly effectuated upon KOS Tech is moot.

## II. Conclusion

Based upon all of the foregoing, defendant KOS Tech Ltd.'s motion to dismiss (doc. 61) is hereby **GRANTED.**

**DONE** and **ORDERED** this the __10__ day of December 2002.

_____
Inge P. Johnson
U.S. District Judge