IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

03 FEB 27 PM 3: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

CERTEX OF ALABAMA, INC., )
an unincorporated division of )
BRIDON-AMERICA CORPORATION )
)
Plaintiff, )       CV 01-J-3166-S
)
vs. )
)
SOUTHERN WIRE CORPORATION, )
KOS AMERICA, INC., et al., )
)
Defendants. )

ENTERED

FEB 2 7 2003

## MEMORANDUM OPINION

Pending before the court are plaintiff Certex's motion for partial summary

judgment (doc. 109), defendant Southern Wire's motion for summary judgment (doc.

102), and defendant KOS America's motion for summary judgment (doc. 101). The court

has reviewed the motions and all of the parties' other submissions.

## I. Background

This case arises out of seven orders for stainless steel aircraft cable placed by

plaintiff Certex of Alabama, Inc. (Certex) with defendant Southern Wire Corporation

(Southern Wire) between August 19, 1999 and November 10, 1999. Pre-Trial Order at ¶

5(a). Pemco Aeroplex (Pemco), a non-party to this action, had placed orders with Certex

1



for cable meeting Military Specification MIL-W-83420. *Id.* Certex then ordered cable from Southern Wire. *Id.* The order was placed on Certex's behalf by Sonya Smitherman and Ellen McCormick for Southern Wire took the order.[1] The cable which Southern Wire shipped in response to the orders from Certex came from its inventory and had been purchased by Southern Wire from defendant KOS America, Inc. (KOS America) several months prior to the orders at issue. Pre-Trial Order at 5(a). Pemco subsequently installed the cable in KC-135 Air Force in-flight refueling aircraft. *Id.* However, the wire which was installed on the KC-135s did not conform to the military specification MIL-W-83420.

Certex contends that it ordered cable from Southern Wire which met the military specification MIL-W-83420. Certex's Brief (doc. 114) at 15. Southern Wire contends that no such request was made and as a result it sent its regular cable to Certex. Southern Wire's Brief at 17. At some point, Certex also received from Southern Wire the mill test certificates produced by the manufacturer of the cable, KOS Tech. Certex's Exhs. 32, 31 at 123. On these mill certificates, the designation MIL-W-83420 is listed. Certex's Exhs.

_____

[1]The exact circumstances that took place during these orders are in significant dispute between the parties. Certex and Smitherman assert that MIL-W-83420 wire was orally requested but a written fax order was later sent without the MIL-W-83420 specification listed. Southern Wire and McCormick assert that Smitherman did not place and McCormick did not accept an order during their telephone conversations. Instead, Southern Wire asserts a contract was only formed upon receipt of Certex's fax order which did not list MIL-W-83420. Smitherman's deposition testimony does not inspire confidence in this court regarding the validity of her statements. However, this court may not and does not evaluate witness testimony in ruling on a motion for summary judgment. *Stewart v. Booker T. Washington*, 232 F.3d 844 (11th Cir. 2000).

2

30, 32.  However, the cable which accompanied this certificate only met MIL-W-83420 as to strength and dimension and not as to the endurance and lubrication requirements. Defendants' Exhs. 38, 39.

In early November, 1999, Pemco returned approximately 200 feet of cable to Certex for evaluation due to possible problems with the cable.  Pre-Trial Order at 5(a). On November 29, 1999, Certex shipped this cable to Southern Wire which received it on December 2, 1999.  *Id.*  On December 3, 1999, Southern Wire contacted KOS America about this issue.  KOS America responded to Southern Wire on the same day that:

> [O]ur regular product is not good for Aircraft Application...[W]e certified Mil-W-83420 without special lubrication on cable and endurance test.  So if you want to sell our cable for Aircraft application, you should purchase Mil-W-83420E QPL products not commercial grade.

Certex's Exh. 44.  On December 6, 1999, the following Monday, this note was faxed to Certex.  Defendant's Vol. V, Exh. C.

On January 3, 2000, after not receiving a response to their previous fax, Southern Wire again forwarded the same information to Certex.   Defendants' Vol. III, Exh. 30. Certex responded by faxing the question to Southern Wire: "Does the wire you supplied meet this spec?" Defendants' Exh. 33.  Southern Wire responded the same day: "The answer to your question is 'NO'.  The wire that we supplied to you does not meet the specification." *Id.*  Certex then called Southern Wire and asked them to provide a letter stating that the wire rope supplied met the specification.  Defendants' Exh. 35.  A series of communications then ensued between the parties.  Pre-Trial Order at 5(a).  It was not

3

until April 10 and 11, 2000 that Certex finally notified Pemco that the wire supplied to it did not meet the full specification for MIL-W-83420. *Id.*

In December 2000, Pemco sued Certex in the Circuit Court of Jefferson County, Alabama. *Id.* The jury returned a verdict in favor of Pemco and against Certex in the amount of $7,546,515 including punitive damages on the fraudulent suppression claim. *Id.* The state court entered judgment for Pemco in the amount of $2,455,510.36 after remitting the original verdict. *Id.* On April 11, 2002, that case was settled between the parties for $2,227,755. *Id.*

Certex subsequently brought this action against Southern Wire and KOS America based on a variety of claims. Southern Wire has filed a counter-claim for its account-balance with Certex. Certex concedes that its account balance with Southern Wire is at least $117,747.16. *Id.*

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

4

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there can be no genuine issue as
> to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the

absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-

moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In

meeting this burden the non-moving party "must do more than simply show that there is a

metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine

issue for trial."  Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587.  *See also Anderson

v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

   "The mere existence of some factual dispute will not defeat summary judgment

unless that factual dispute is material to an issue affecting the outcome of the case...A

genuine issue of material fact does not exist unless there is sufficient evidence favoring

the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI*

*Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

**A. Defendant KOS America's Motion for Summary Judgment**

Certex has brought a variety of claims against KOS America based on its alleged misconduct.  These claims are for breach of an express warranty, breach of implied warranties, negligence, wantonness, fraud, conspiracy, indemnity and negligent hiring.  At the outset, the court notes that Certex has conceded that its claims against KOS America for breach of an express warranty, breach of any implied warranties, and negligent hiring are due to be dismissed.  Pre Trial Order at 5(b). The remaining claims will be addressed one by one.

Certex asserts a claim for fraud against KOS America based upon the alleged misrepresentation in the mill certificates that the wire at issue met the specification for MIL-W-83420.  There exist a variety of types of fraud under Alabama law including fraudulent misrepresentation and innocent misrepresentation.[2]

---

[2] On a claim for fraudulent misrepresentation a plaintiff must present evidence of a: (1) false representation concerning an existing material fact; (2) representation which (a) the defendant knew was false when made, or (b) was made recklessly and without regard to its truth or falsity, or (c) was made by telling plaintiff that defendant had knowledge that the

6

A claim for fraudulent misrepresentation may be stated where evidence exists to demonstrate a misrepresentation made willfully or with reckless disregard for the truth. *Southern Energy Homes, Inc.*, 774 So.2d 505. However, there is no evidence in the record which demonstrates that KOS America made any misrepresentation that was willful or with reckless disregard for the truth. Certex's own expert witness has testified that immediately upon seeing the mill certificates in question she was able to ascertain that the wire did not meet all specifications for MIL-W-83420. KOS America's Reply Brief at Exh. B at 55-56. Furthermore, Certex's expert agreed that "an informed person in the industry" would know that the cable at issue was not meant for aircraft by looking at the mill certificates which are allegedly misrepresentative. *Id.* at 107. In light of this testimony, it cannot be said that the mill certificates evidenced any reckless disregard for the truth.

However, as previously noted, Alabama law also provides for a cause of action for misrepresentation based upon a mistake or other innocent action. *Dodd*, 626 So.2d 1288. In evaluating the evidence, this court finds that there exists at least a question of fact as to

---

representation was true while not having such knowledge; (3) reliance by plaintiff on the representation; (4) damage to the plaintiff proximately resulting from his reliance. *See, e.g., Southern Energy Homes, Inc. v. Washington,* 74 So.2d 505 (Ala. 2000). A claim for mistaken or innocent misrepresentation must demonstrate: (1) that there was a false representation; (2) that it concerned a material fact; (3) that it was relied upon by plaintiff; and (4) that plaintiff was damaged as a proximate result of the reliance. *Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So.2d 1288 (Ala. 1993); *Smith v. Reynolds Metals Co.,* 497 So.2d 93 (Ala. 1986).

every element of a claim for innocent misrepresentation.  Accordingly, KOS America's motion is denied to the extent that Certex's claim is for innocent or mistaken representation.

Certex also asserts a claim for conspiracy against KOS America on the grounds that it conspired to sell misrepresented wire rope with Southern Wire.  "A civil conspiracy claim requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means. A conspiracy requires a meeting of the minds between the conspirators....In order to establish a claim for conspiracy, [plaintiff] would have to prove that the defendants intended to bring about the object of the claimed conspiracy." *Bayles v. Marriott,* 816 So.2d 38, 42-43 (Ala. Civ. App. 2001) *citing McLemore v. Ford Motor Co.,* 628 So.2d 548, 550 (Ala. 1993).  The existence of a conspiracy is a question of fact.  *AmSouth Bank, N.A. v. Spigener*, 505 So.2d 1030, 1040-41 (Ala. 1986).

However, Certex has simply failed to present any evidence of a "meeting of the minds" to accomplish anything unlawful between Southern Wire and KOS America. Certex has demonstrated that Southern Wire and KOS America had a close business relationship, entered into a joint defense agreement and changed the mill certificate after this situation arose.  Certex Exh. 7 at 32-33; Exh. 21 at 105-08; Exh. 72; Exh. 79.  Based upon this, Certex asserts that sufficient evidence exists of a conspiracy to create a question of fact.

This is simply not the case.  None of Certex's "evidence" demonstrates that KOS America or Southern Wire were involved in a conspiracy.  First, Certex notes that after the confusion regarding what the mill certificates represented, Southern Wire asked KOS America and other suppliers and manufacturers of cable to change their mill certificates to remove the listing of MIL-W-83420.  Certex's Exhs. 70-71. However, this change in the mill certificate, without more, amounts to nothing but a subsequent remedial measure. It provides no evidence that at the time of the shipments in question, the parties had a "meeting of the minds" to sell this wire as full specification MIL-W-83420 when they knew it to meet only partial specifications for MIL-W-83420.  This change only demonstrates that the prior mill certificate may have been incorrect and that the parties made an attempt to limit any further harm.[3]

Secondly, Certex's order was filled by Southern Wire with wire from its inventory, which had been acquired several months earlier.  Plaintiff has presented no proof that KOS America had any knowledge that that wire was going to be sold to Pemco for use in KC-135 aircraft when it sold the wire to Southern Wire.

Thirdly, the presence of a close business relationship and a joint defense agreement alone is likewise insufficient to demonstrate anything other than a routine business relationship between the parties.  If the court were to take this evidence as

---

[3]This is reflected by the actual communications between Southern Wire and KOS America and several other wire rope suppliers.  Certex's Exh. 70-71.

9

sufficient for a jury to find the presence of a conspiracy, then any business relationship of any duration would establish a prima facie conspiracy. Based upon the evidence submitted, it simply takes too many inferences to create a conspiracy here. Therefore, KOS America's motion for summary judgment as to Certex's conspiracy claim is granted.

Next, Certex asserts a claim for wantonness against KOS America based upon ALA. CODE § 6-11-20(b)(3). Wantonness is present where there is a "reckless or conscious disregard for the safety of others" and its presence must be determined by the facts and circumstances of each case. ALA. CODE § 6-11-20(b)(3). "Wantonness involves the 'conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'" *Hobart Corp. v. Scoggins*, 776 So.2d 56, 58 (Ala. 2000).

Certex asserts that KOS America's recklessness is demonstrated by its failure to warn Pemco directly of the problem with the wire and its failure to respond quickly enough to requests for confirmation as to what type of wire had been purchased. However, both of these arguments are unavailing.

No evidence has been presented that KOS America ever had any contact with Pemco involving the transactions in question. It is incredulous that Certex could assert KOS America should have directly notified Pemco of the problem with the wire when KOS America never had any contact at all with Pemco. The wire was furnished from Southern Wire's existing inventory. There is no evidence that KOS America knew or

10

should have known that that particular wire ultimately would be sold by Certex to Pemco for use in KC-135 aircraft.  KOS America responded to Southern Wire's questions, the only party with which it actually had any dealings, when the issue of potential misuse of the product was raised.  Certex's Exh. 44; Defendants' Exh. at 38, 39.

Certex also asserts that KOS America failed to respond quickly enough to requests to confirm the type of wire at issue.  However, immediately upon being questioned by Southern Wire as to whether the wire at issue met full certification for MIL-W-83420, KOS America responded that it did not meet all of the specifications.  Certex's Exh. 44. This information was immediately passed on by Southern Wire to Certex. Defendants' Vol. V, Exh. C.

Moreover, Certex again asserts that KOS America's conduct rises to a level of "reckless or conscious disregard for the safety of others" because it included mill certificates with its product that were "undeniably misleading." Certex's Brief at 22. However, it cannot be said that this alleged misrepresentation was made with a "reckless or conscious disregard for the safety of others" when Certex's own expert has testified that an informed person would understand that the mill certificates in question indicated that the wire was not appropriate for use in aircraft.  KOS America's Reply Brief at Exh. B at 107.   Therefore, KOS America's motion for summary judgment as to Certex's claim for wantonness is granted.

Next, it is necessary to address Certex's indemnity claim against KOS America for

the settlement Certex entered in the state court action.  The general rule in Alabama is

that indemnity or contribution is not available among joint tortfeasors except for several

narrow exceptions.  *Crigler v. Salac*, 438 So.2d 1375, 1385 (Ala. 1983).  A tortfeasor

whose negligence is merely passive may seek indemnity in two situations: (1) where he

has not been guilty of any fault except technically or constructively, and (2) where both

parties are at fault, but the party from whom indemnity is claimed was the proximate or

primary cause of the injury.  *Coates v. CTB, Inc.*, 173 F.Supp. 2d 1200, 1203 (M.D. Ala.

2001); *Crigler*, 438 So.2d at 1385.

The first exception does not apply in this situation as Certex has been found guilty

of some fault as shown by the verdict against it in the state court action for its suppression

from Pemco that the wire rope was not military grade.  Defendants' Vol I, Exh. 1 at 874;

Vol. I Exh. 6, *Pemco v. Certex*, January 11, 2002 Memorandum Opinion.  The second

exception does not apply to this situation either because KOS America was not the

"proximate or primary cause of the injury."  While KOS America may have had some

fault in the situation, the majority of the damage to Pemco could have been averted had

Certex told Pemco about the mistake in the wire on December 6, 1999 or early January,

2000.  KOS America Motion for Summary Judgment (doc. 101) at Exh. B at 7.

Certex also cites *Stone Building Co. v. Star Electrical Contractors, Inc.,* 796 So.2d

1076, 1090 (Ala. 2000), for the proposition that where an indemnitor has been given

notice of an action against the indemnitee and has been given the opportunity to defend or

12

settle that action, then the indemnitee is precluded from contesting the indemnitee's liability in a subsequent action. However, that case is clearly distinguishable from the situation that presents itself before this court. In *Stone Building*, there was a indemnity clause in the contract between the parties, but no such indemnity clause exists here. 796 So.2d at 1078. KOS America was not an indemnitor, based upon any definition, in this situation and thus the notice given to them by Certex of the state court Pemco litigation is irrelevant.

Therefore, KOS America shall be granted summary judgment as to Certex's indemnity claim.

Certex has also brought a claim for suppression against KOS America based on the mill certificates. A claim for suppression requires that: (1) the defendant had a duty to disclose material facts; (2) the defendant concealed or failed to disclose those material facts; (3) the concealment induced the plaintiff to act; and (4) the plaintiff's action resulted in harm to plaintiff. *Mason v. Chrysler Corp.*, 653 So.2d 951, 954 (Ala. 1995). In regard to the existence of a duty, there are two means by which a duty to disclose can arise: (1) a confidential relationship between the parties; or (2) "special circumstances" which warrant disclosure. *State Farm Fire & Casualty Co. v. Owen*, 729 So.2d 834, 837 (Ala. 1998). A number of factors may be considered in determining whether a duty exists including: (1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact; (5) the

13

customs of the trade; and (6) other relevant circumstances. *Id.* at 843.

Certex never had any interactions with KOS America involving these transactions prior to the problems with Pemco. Moreover, KOS America did not know the cable at issue had been sold to Certex or what Certex was utilizing that cable for. As noted by the Alabama Supreme Court in *Keck v. Dryvit Systems, Inc.*, 830 So.2d 1 (Ala. 2002), a duty to disclose does not exist where:

> Defendants had no contractual relationship with [plaintiffs], no knowledge that [plaintiffs] owned a house clad with [defendant's product], and no contact with [plaintiffs] prior to this lawsuit. To allow [plaintiffs] to assert a claim for fraudulent suppression against [defendant] would impose an endless duty upon manufacturers and sellers of construction materials to disclose alleged defects in materials to every purchaser of a used house no matter how far removed those purchasers were from...the manufacturer and seller.

Accordingly, the motion shall be granted as to the suppression claim because Certex has failed to present sufficient evidence to create a question of fact that KOS America had any duty to disclose the alleged problem with the mill certificates.

Finally, KOS America asserts that the potential damages which Certex can recover should be limited by this court. First, in terms of compensatory damages, the only remaining claims for which Certex can recover are based on its reliance upon the mill certificates (misrepresentation claim) and the mill certificates as the proximate cause of Certex's injuries (negligence claim). Accordingly, since any reasonable reliance upon the mill certificates or proximate cause of Certex's injuries must have ended by December 6, 1999, Certex's compensatory damages are limited to any conduct on KOS America's part

14

arising before that date.

On December 6, 1999, Southern Wire sent a fax to Certex delineating KOS
America's statement that the wire in question did not meet the full MIL-W-83420
specification.[4]  Defendants' Volume V, Exh. C.  Any reasonable reliance upon the mill
certificates must have ended at this time (at the latest).  As noted by Judge Jackson in his
memorandum opinion in the *Pemco v. Certex* state court action, finding that the evidence
presented at trial and relied on by the jury in awarding punitive damages against Certex:

> there should not have been one second of delay between the time Southern Wire
> told defendant [Certex] the wire was not fit for use on aircraft and the time
> defendant contacted Pemco.  Had defendant told Pemco immediately, not a single
> one of these affected aircraft would have left the ground. Such reckless
> indifference to human life simply cannot go unpunished.

Defendants' Vol. I, Exh. 6 at 16.  Accordingly, Certex's potential compensatory damages
are limited to those incurred based upon KOS America's actions prior to December 6,
1999.

Second, it is clear to this court that Certex cannot recover punitive damages from
KOS America in this action as a matter of law.  The standard for punitive damages is high
in Alabama: "Punitive damages may not be awarded in any civil action...other than a tort
action where it is proven by clear and convincing evidence that the defendant consciously
or deliberately engaged in oppression, fraud, wantonness or malice with regard to the

---

[4]The evidence indicates that Certex received this fax at that time because Certex itself
produced the fax with the date on it of December 6, 1999.  KOS America Reply Brief at 3.  No
evidence in the record exists to create a genuine fact issue as to the receipt of this fax by Certex.

15

plaintiff." Ala. Code. § 6-11-20(a).  "Clear and convincing evidence" is defined as:

> Evidence that, when weighed against evidence in opposition, will produce in the
> mind of the trier of fact a firm conviction as to each essential element of the claim
> and a high probability as to the correctness of the conclusion.

ALA. CODE § 6-1-20(b)(4).  A review of the evidence indicates that it is not possible for

Certex to prove by clear and convincing evidence that KOS America "consciously or

deliberately engaged in oppression, fraud, wantonness, or malice with regard to" Certex.

The dismissal of Certex's claims, and the accompanying reasoning, for wantonness,

suppression, conspiracy and fraudulent, willful, or reckless misrepresentation dictate this

finding.  Certex's only remaining claims are for negligence and innocent

misrepresentation, which are insufficient bases on which to award punitive damages.  A

plaintiff may not recover punitive damages for innocent misrepresentation. *Taylor v.*

*Moorman Manufacturing Co.*, 475 So.2d 1187, 1188-89 (Ala. 1987).  Furthermore, the

reasoning behind this court's grant of summary judgment to Certex's wantonness claim

demonstrates why Certex cannot recover punitive damages on its negligence claim.

There is simply insufficient evidence for a jury to determine that "clear and convincing

evidence" exists to demonstrate any conscious or deliberate wantonness, malice, fraud, or

oppression.

Finally as this court finds that genuine issues of material fact remain as to Certex's

claim for negligence, KOS America's motion for summary judgment is denied as to that

claim.

**B. Defendant Southern Wire's Motion for Summary Judgment**

Certex has brought a variety of claims against Southern Wire based on its alleged misconduct. These claims are for breach of contract, breach of an express warranty, breach of implied warranties, negligence, suppression, wantonness, fraud, conspiracy, indemnity and negligent hiring.

This court begins its examination of Southern Wire's motion with Certex's claim for suppression. As the rule of law in Alabama relating to suppression has already been set forth in the analysis of KOS America's motion for summary judgment, the court does not repeat it here.

Given the business relationship of the parties, a question of fact exists as to whether a duty existed between Certex and Southern Wire such that Southern Wire should have disclosed that the wire was not as Certex alleges it ordered. Pre-Trial Order at ¶ 5(a). Moreover, a question of fact exists as to whether Southern Wire failed to disclose that the wire it shipped to Certex did not meet all specifications for MIL-W-83420. Certex's Exh. 31 at 121-22. There is likewise a question of fact as to whether Certex relied on Southern Wire's alleged statements that it would send wire that met all specifications for MIL-W-83420 and whether Certex relied upon the mill certificates. *Id.*; Exh. 32.

However, no evidence has been presented to indicate that the alleged failure to disclose was anything but innocent or mistaken. In the light most favorable to Certex, the

17

evidence solely demonstrates that there was a considerable amount of confusion between Smitherman and Ellen McCormick, the employees of Certex and Southern Wire involved in the actual transaction.  The evidence indicates that no one knew what the wire was being used for at the time the order was placed on either side.  When Certex and Smitherman later asked Southern Wire and McCormick if the wire met the full specification for MIL-W-83420, McCormick asked Smitherman what the wire was being used for and having no idea, Smitherman had to consult with other people at Certex, who in turn had to consult with Pemco.  Moreover, Southern Wire notified Certex at the first possible moment, after becoming aware of what the wire was being used for, that the wire was inappropriate for use in airplanes.  Defendants' Vol. V, Exh. C.  However, as a defendant may still be liable for suppression of a material fact even where it is not intentional, Southern Wire's motion as to the suppression claim is denied.  *Stone v. Gulf American Fire & Casualty Co.*, 554 So.2d 346, 360 (Ala. 1989).

As the same analysis applies to Certex's claims for conspiracy and indemnity against Southern Wire as to Certex's claims against KOS America, Southern Wire is entitled to summary judgment as to those claims.  Moreover, Southern Wire is likewise entitled to a partial summary judgment as to Certex's claim for fraud in that Certex is limited to pursuing its claim solely as one for innocent or mistaken misrepresentation.  Certex has failed to present any evidence to indicate that the alleged misrepresentation was either willful or reckless.

18

Certex's claim for wantonness against Southern Wire is likewise deficient. Certex bases its claim for wantonness on the alleged misrepresentation contained within the mill certificates. However, it cannot be said that this alleged misrepresentation was made with a "reckless or conscious disregard for the safety of others" when Certex's own expert has testified that an informed person would understand that the mill certificates in question indicated that the wire was not appropriate for use in aircraft. KOS America's Reply Brief at Exh. B at 107. Therefore, Southern Wire's motion for summary judgment as to Certex's claim for wantonness is granted.

However, with respect to Certex's claims against Southern Wire for breach of contract, breach of an express warranty, breach of implied warranties, negligence and negligent supervision and training the court finds that genuine issues of material fact remain. Thus, Southern Wire's motion for summary judgment shall be denied with respect to those claims.

Regarding the motions for summary judgment filed by KOS America and Southern Wire on to the issue of damages, it is clear that Certex may not recover any compensatory damages incurred after December 6, 1999. There is no genuine issue of fact as to when Certex received this notification. Any causation of damages for any of the claims against Southern Wire ended upon notification to Certex that the wire at issue did not meet all specifications for MIL-W-83420. Defendants' Vol. V, Exh. C.

With respect to Certex's claims for punitive damages against Southern Wire,

19

Certex has failed to present sufficient evidence from which any reasonable jury can determine that Southern Wire engaged in any conscious or deliberate oppression, fraud, wantonness, or malice with regard to the plaintiff.  Therefore, summary judgment shall be granted with respect to Certex's claim for punitive damages.

## C. Plaintiff/Counter-Defendant Certex's Motion for Summary Judgment

The court, having reviewed all of the parties' submissions and evidence, finds that genuine issues of material fact remain as to Certex's motion for summary judgment. Accordingly, Certex's motion is denied.  However, based upon Certex's admission in its pre-trial order that it currently owes Southern Wire at least $117,747.16, a judgment will be entered in that amount against Certex.  Pre-Trial Order at ¶ 5(a).

## Conclusion

Based upon all of the foregoing, KOS America's motion for summary judgment is granted as to Certex's claims for breach of an express warranty, breach of implied warranties, indemnification, negligent training and supervision, suppression, conspiracy, and wantonness.  KOS America's motion is also granted as to Certex's fraud claim except to the extent that Certex's claim is for innocent misrepresentation.   Said motion is also granted with respect to Certex's claim for punitive damages.  KOS America's motion is denied as to Certex's claims for negligence and innocent misrepresentation.  However,

Certex's potential recovery from KOS America shall be limited to any damages incurred by Certex prior to December 6, 1999.

Southern Wire's motion for summary judgment is granted as to Certex's claims for conspiracy, indemnification and wantonness.  Southern Wire's motion is also granted as to Certex's fraud claim except for innocent misrepresentation. Said motion is also granted with respect to Certex's claim for punitive damages.  Southern Wire's motion is denied with respect to Certex's claims for negligence, innocent misrepresentation, innocent suppression, breach of contract, breach of an express warranty, breach of implied warranties, and negligent training and supervision.  However, Certex's potential recovery from Southern Wire shall be limited to any damages incurred by Certex prior to December 6, 1999.

Certex's motion for summary judgment as to Southern Wire's counterclaim is denied, the court finding that genuine issues of material fact remain.

**DONE** and **ORDERED** this the 27 day of February 2003.

Inge P. Johnson
U.S. District Judge

21